UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HENGST SE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 23 C 794 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| CHAMPION LABORATORIES, LLC, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Hengst SE ("Hengst") filed this lawsuit against Defendant Champion Laboratories, LLC ("Champion"), alleging that Champion infringed on Hengst's patent for a removable and replaceable oil filter, U.S. Patent No. 9,023,203 (the "'203 Patent"). The parties seek construction of one phrase, "rotating the ring filter insert relative to the filter housing," which appears in independent claim 15. The Court held a claim construction hearing on August 7, 2024. Because any proposed construction would cause the Court to insert redundancy into claim 15, the Court declines to construe the phrase.

## BACKGROUND

The '203 Patent, entitled "Liquid filter," describes an oil filter with a removable and replaceable filter insert. The filter design helps the user align the filter within the filter housing more easily because "[b]y rotating the ring filter insert about itself, which might be necessary, the positioning means guide the blocking element arranged thereon to the outlet in an engagement-compatible manner as soon as the positioning means come into contact with each other." Doc. 1-1, col. 3, ll. 6–10.

Champion creates oil filter inserts under its Luber-Finer brand. Hengst alleges that Champion infringes on the '203 Patent because the Luber-Finer oil filter inserts have a blocking element that rotates along the filter insert to align with an eccentric opening on the filter housing. Hengst asserts that Champion's Luber-Finer oil filter infringes on claim 15 of the '203 Patent. Independent claim 15 states in full:

> A ring filter insert for a liquid filter, comprising: a hollow-cylindrical filter material body surrounded on front sides by top and bottom front panels and which can be replaceably arranged in a filter housing,
>
> an eccentric blocking element arranged on the bottom front panel for engaging an eccentric opening in the filter housing,
>
> first positioning means on the ring filter insert, which interact with second positioning means on the filter housing when the ring filter insert is inserted into the filter housing and which are arranged to bring the blocking element into engagement with the eccentric opening,
>
> the first positioning means being one of an inclined plane and a protruding nose, with the second positioning means being the other of the inclined plane and the protruding nose,
>
> the inclined plane and the nose arranged to be moved in relation to each other in such a way that they slide along each other and bring the blocking element into engagement with the eccentric opening, by rotating the ring filter insert relative to the filter housing,
>
> the first positioning means being one of embodied and arranged on an inner circumference of the ring filter insert.

Doc. 1-1, col. 17, ll. 37–60.

## LEGAL STANDARD

"Judicial 'construction' of patent claims aims to state the boundaries of the patented subject matter, not to change that which was invented." *Fenner Invs., Ltd. v. Cellco P'ship*, 778 F.3d 1320, 1323 (Fed. Cir. 2015). Not all claims require construction, only those in dispute and only to the extent necessary to resolve the dispute. *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*,

2

200 F.3d 795, 803 (Fed. Cir. 1999). Where the "plain and ordinary meaning of the disputed claim language is clear," such as where the term "is comprised of commonly used terms" that have "no special meaning in the art," the Court may conclude that no construction is necessary. *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1291 (Fed. Cir. 2015); *see also Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) ("In some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words.").

The Court's inquiry begins by considering how a person of ordinary skill in the art ("POSITA") would understand a claim term. *Phillips*, 415 F.3d at 1313 ("[I]nventors are typically persons skilled in the field of the invention and that patents are addressed to and intended to be read by others of skill in the pertinent art."). The Court primarily relies on the intrinsic evidence, which "includ[es] the claims themselves, the specification, and the prosecution history of the patent." *Sunovion Pharms., Inc. v. Teva Pharms. USA, Inc.*, 731 F.3d 1271, 1276 (Fed. Cir. 2013). The Court reviews the language of the claims themselves, applying a "heavy presumption that claim terms take on their ordinary meaning as viewed by one of ordinary skill in the art," and also reads that language in light of the specification. *Altiris, Inc. v. Symantec Corp.*, 318 F.3d 1363, 1369 (Fed. Cir. 2003) (citation omitted) (internal quotation marks omitted); *see also Phillips*, 415 F.3d at 1313 (a POSITA reads a term in the context of the claim itself as well as the entire patent, including the specification).

"In most situations, an analysis of the intrinsic evidence alone will resolve any ambiguity in a disputed claim term." *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996); *see also Sunovion Pharms.*, 731 F.3d at 1276 (intrinsic evidence is "usually dispositive").

But the Court can also rely on extrinsic evidence, such as dictionaries, treatises, and expert testimony, in its discretion to help "educate the court regarding the field of the invention and . . . determine what a person of ordinary skill in the art would understand claim terms to mean." *Phillips*, 415 F.3d at 1319; *Vitronics*, 90 F.3d at 1585 n.6 ("Judges are free to consult such resources at any time in order to better understand the underlying technology and may also rely on dictionary definitions when construing claim terms, so long as the dictionary definition does not contradict any definition found in or ascertained by a reading of the patent documents."). Extrinsic evidence in general is considered "less reliable than the patent and its prosecution history in determining how to read claim terms." *SkinMedica, Inc. v. Histogen Inc.*, 727 F.3d 1187, 1195 (Fed. Cir. 2013) (citation omitted).

While the Court must construe claims in light of the specification, the Court cannot read limitations from the preferred embodiments or specific examples in the specification typically into the claims. *Enercon GmbH v. Int'l Trade Comm'n*, 151 F.3d 1376, 1384 (Fed. Cir. 1998) ("This court has repeatedly stated that while claims are to be construed in light of the specification, they are not necessarily limited by the specification."). "[P]atent coverage is not necessarily limited to inventions that look like the ones in the figures." *MBO Labs., Inc. v. Becton, Dickinson & Co.*, 474 F.3d 1323, 1333 (Fed. Cir. 2007); *see also Prima Tek II, L.L.C. v. Polypap, S.A.R.L.*, 318 F.3d 1143, 1148 (Fed. Cir. 2003) ("[T]he mere fact that the patent drawings depict a particular embodiment of the patent does not operate to limit the claims to that specific configuration."). Thus, while the Court can use the specification to aid in the interpretation of the claims, it may not use the specification as a source for adding extraneous limitations. *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1249 (Fed. Cir. 1998) ("If we need not rely on a limitation to interpret what the patentee meant by a particular

4

term or phrase in a claim, that limitation is 'extraneous' and cannot constrain the claim." (citations omitted)). Nonetheless, the Court may limit the claims based on the specification "where the specification makes clear at various points that the claimed invention is narrower than the claim language might imply." *Alloc, Inc. v. Int'l Trade Comm'n*, 342 F.3d 1361, 1370 (Fed. Cir. 2003).

## ANALYSIS

The parties seek construction of only one phrase—"rotating the ring filter insert relative to the filter housing"—which appears in independent claim 15. Hengst proposes the Court construe the phrase as "twisting or spinning at least a portion of the ring filter insert relative to the filter housing," while Champion proposes that the Court construe the phrase as "rotating the ring filter insert, which comprises the hollow-cylindrical filter material body surrounded on front sides by top and bottom front panels, relative to the filter housing."

The Court rejects both proposed constructions. The Court does not find Hengst's construction appropriate because it seeks to introduce a limitation not otherwise included in claim 15, specifically that "at least a portion" of the ring filter must rotate. *See Baxter Int'l, Inc. v. CareFusion Corp.*, No. 15 C 9986, 2019 WL 1897063, at *4 (N.D. Ill. Apr. 29, 2019) (rejecting a proposed construction that "would have the Court read in limitations not present in the [patent]"). Hengst argues that adopting its proposed construction aligns with the '203 Patent's specifications, which provides that the ring filter insert need only rotate to the extent necessary for the insert's eccentric blocking element to align with the filter housing's eccentric opening. *See* Doc. 1-1, col.3, ll. 31–35. However, including "at least a portion of" to modify the term "ring filter insert" does not speak to the purpose of the ring filter insert's rotation, as Hengst argues. Instead, that language improperly limits what is being rotated—the ring filter insert.

5

Because the plain language of claim 15 does not include a limit on how much of the ring filter insert must rotate, including "at least a portion of" to modify the term "ring filter" would insert an improper limitation that the claim does not support. *See LSI Indus., Inc. v. ImagePoint, Inc.*, 279 F. App'x 964, 970 (Fed. Cir. 2008) (finding a district court improperly construed a term when it introduced limitations not present in the plain language of the claims); *Liquid Dynamics Corp. v. Vaughan Co.*, 355 F.3d 1361, 1368 (Fed. Cir. 2004) ("Because the plain language of the claim was clear and uncontradicted by anything in the written description or the figures, the district court should not have relied upon the written description, the figures, or the prosecution history to add limitations to the claim.").

The Court also rejects Champion's proposed construction because it similarly strays from the plain language of claim 15. Champion proposes that the Court add "comprising a hollow-cylindrical filter material" to better define the ring filter insert in the challenged phrase. Champion justifies its construction by arguing that the use of a definite article, "the," in the challenged phrase refers the reader back to the definition that claim 15 provides for "a ring filter insert" and so must include the component hollow-cylindrical filter material. Champion correctly identifies that the reference in claim 15 to "the ring filter insert" refers back to the earlier use of "a ring filter insert" and so must be defined in the same way. *See ABS Glob., Inc. v. Cytonome/St, LLC*, 84 F.4th 1034, 1040 (Fed. Cir. 2023) ("The use of the definite article, "the," means that the phrase "the sample stream" refers back to earlier language as an antecedent . . . The reference-back "the" language takes its meaning from the meaning of the antecedent, so if "a sample stream" has a plural-allowing meaning, so does the reference-back "the sample stream" phrase."); *Wi-Lan, Inc. v. Apple, Inc.*, 811 F.3d 455, 462 (Fed. Cir. 2016) ("Subsequent use of the definite articles "the" or "said" in a claim refers back to the same term recited earlier

6

in the claim."). However, Champion's proposed construction excludes two components that comprise the ring filter insert—the "eccentric blocking element" and the "first positioning means." *See* Doc. 30-2 at col. 17, ll. 37-–52. Champion's proposed construction would therefore not comply with the plain language of claim 15 because it fails to fully incorporate all the components that comprise the ring filter insert as defined by claim 15, a fact that Champion acknowledged at the claim construction hearing. *See* Doc. 37 at 8:10–11.

Faced with this reality at the hearing, Champion did not object to adding the "eccentric blocking element" and "first positioning means" to its proposed construction. Doc. 37 at 6:22–7:2. But even if the Court adopted Champion's amended construction and incorporated all three elements that comprise the ring filter insert, it would simply introduce redundant language into claim 15. Courts disfavor constructions of terms or phrases that introduce redundancy into a claim. *HBAC Matchmaker Media, Inc. v. Google Inc.*, 650 F. App'x 990, 993 (Fed. Cir. 2016) (finding the district court incorrectly construed a term when its construction "introduce[d] avoidable redundancy into the language of the claims"); *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997) ("[Claim construction] is not an obligatory exercise in redundancy."). Construing "a claim term to include features of that term already recited in the claims" creates redundancy because doing so "would make those expressly recited features redundant." *Apple, Inc. v. Ameranth, Inc.*, 842 F.3d 1229, 1237 (Fed. Cir. 2016). Adopting the construction that Champion proposed at the claim construction hearing would insert redundancy into claim 15 by restating features of the ring filter insert that claim 15 already details. *Id.* (agreeing that the term "menu" need not be construed to include the features of menus that are expressly recited in the claims). Because inserting redundant language into claim 15 is improper and the parties have otherwise failed to present the Court with a reason to construe the phrase,

7

the Court declines to construe the phrase "rotating the ring filter insert relative to the filter housing." *Abbott Lab'ys v. Church & Dwight Co.*, No. 07 C 3428, 2008 WL 5387848, at *9 (N.D. Ill. Dec. 22, 2008) (declining to construe a term where "[m]ost of it is redundant, either within this specific term or by incorporating the construction of other terms.").

## CONCLUSION

For the foregoing reasons, the Court declines to construe the phrase "rotating the ring filter insert relative to the filter housing."

Dated: September 17, 2024

_____
SARA L. ELLIS
United States District Judge