UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HENGST SE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 23 C 794 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| CHAMPION LABORATORIES, LLC, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Hengst SE ("Hengst") filed this lawsuit against Defendant Champion Laboratories, LLC ("Champion"), alleging that Champion infringed on Hengst's patent for a removable and replaceable oil filter, U.S. Patent No. 9,023,203 (the "'203 Patent"). After claim construction proceedings here, the Patent Trial and Appeal Board ("PTAB") has instituted *inter partes* review ("IPR") on Hengst's patent. Now, Champion brings a motion to stay the proceedings in this Court until the PTAB has completed the IPR and issued its decision. Because a stay pending the PTAB decision would not impose undue prejudice or a tactical disadvantage on Hengst; would simplify and streamline the case; and would likely reduce the burden of litigation on the parties and the Court; the Court grants Champion's motion to stay.

## BACKGROUND

The '203 Patent, entitled "Liquid filter," describes an oil filter with a removable and replaceable filter insert. Hengst filed the instant lawsuit to enforce the '203 Patent against Champion on February 8, 2023. Hengst alleges that Champion's Luper-Finer brand oil filter inserts infringe on the '203 Patent. Specifically, Hengst has asserted the following claims under the '203 Patent: 15–17, 19, 23–25, 28, and 30. In their time before this Court, the parties have

1

completed fact discovery and claim construction. This Court issued a claim construction ruling on September 17, 2024. The parties have not yet started expert discovery or dispositive motion briefing. The Court has also not yet set a date for trial.

On June 5, 2023, Champion submitted, pursuant to Local Patent Rule 2.3, its initial non-infringement and invalidity contentions ("initial contentions"). On January 16, 2024, Champion submitted its final unenforceability and invalidity contentions ("final contentions"). Pursuant to Local Patent Rule 3.1(d), Champion did not include several invalidity contentions in its final contentions that Champion had included in its initial contentions.

On February 22, 2024, Champion filed a petition for IPR. On September 18, 2024, the PTAB granted IPR of claims 1, 3, 5, 8–11, 15–17, 19, 23–25, and 28–30 of the '203 Patent. Among other arguments, the PTAB granted IPR on some grounds of unpatentability that Champion raised in its initial contentions before this Court, and not in its final contentions.

## LEGAL STANDARD

District courts have inherent power to control their own dockets, including the power to stay proceedings before them. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). How best to manage the Court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, (1936). Specifically, the Court has the discretion "to stay a case pending reexamination of a patent in suit." *Beijing Choice Elec. Tech. Co. v. Contec Med. Sys. USA Inc.*, No. 18-cv-00825, 2024 WL 4784283, at *1 (N.D. Ill. Sept. 27, 2024) (citing *Procter & Gamble Co. v. Kraft Foods Glob., Inc.*, 549 F.3d 842, 848–49 (Fed. Cir. 2008)). District courts consider three factors in determining whether to grant a stay pending IPR: (1) whether the stay will unduly prejudice or

tactically disadvantage the nonmoving party; (2) whether the stay will simplify the issues in question and streamline the trial; and (3) whether the stay will reduce the burden of litigation on the parties and on the court. *Ignite USA, LLC v. Pac. Mkt. Int'l, LLC*, No. 14 C 856, 2014 WL 2505166, at *2 (N.D. Ill. May 29, 2014) (citing *Black & Decker Inc. v. Positec USA, Inc.*, No. 13-3075, 2013 WL 5718460, at *3 (N.D. Ill. Oct. 1, 2013)).

## ANALYSIS

### I. Undue Prejudice and Tactical Disadvantage

First, the Court considers whether Hengst would suffer any undue prejudice or tactical disadvantages from Champion's proposed stay. Hengst argues a stay would disadvantage and prejudice it because Champion has engaged in gamesmanship by asserting grounds for unpatentability in its arguments before the PTAB that it raised in its initial contentions but did not pursue in its final contentions before this Court. Hengst contends that Champion chose the PTAB as its "preferred forum to relitigate" these contentions that it had seemingly abandoned. Doc. 46 at 7. Hengst further argues that Champion's conduct reflects an attempt to delay proceedings and gain a tactical advantage because this Court's Local Patent Rules limit defendants to four prior art grounds per claim in their final invalidity contentions. *See* N.D. Ill. Local Patent Rule 3.1(d).

This Court finds Hengst's arguments unpersuasive and instead concludes that Champion's conduct does not result in undue prejudice or tactical disadvantage to Hengst. First, to the extent that Hengst argues it would be prejudiced or disadvantaged by the delay from the IPR, such an argument fails because "[d]elay, in and of itself, does not constitute undue prejudice." O*il-Dri Corp. v. Nestle Purina Petcare Co.*, No. 15-cv-1067, 2015 WL 13650951, at *2 (N.D. Ill. May 5, 2015) (citing *Black & Decker Inc.*, 2013 WL 5718460, at *2).

As for Hengst's other argument, this Court's Local Patent Rules contemplate that defendants will streamline, condense, and change their grounds for invalidity as a case progresses towards trial. *See Shure, Inc. v. ClearOne, Inc.*, No. 17 C 3078, 2018 WL 1371170, at *9 n.16 (N.D. Ill. Mar. 16, 2018) ("The Local Patent Rules do allow (and even expect) parties to amend and update their contentions."). By comparison, under the authority that governs IPR, petitioners are incentivized to bring all colorable grounds in their petitions for IPR or else face estoppel of all claims or grounds that they could have asserted. *See Boston Sci. Corp. v. Cook Grp. Inc.*, 653 F. Supp. 3d 541, 588 (S.D. Ind. 2023) (describing that under 35 U.S.C. § 315(e)(2), "[t]he petitioner in an inter parties review of a claim in a patent . . . that results in a final written decision . . . may not assert either in a civil action arising in whole or in part under section 1338 of title 28 . . . that the claim is invalid on any ground that the petitioner *raised or reasonably could have raised* during that inter partes review" (emphasis in original)). Because the system for IPR requires petitioners to bring all of their arguments or face waiver and in contrast, this Court's rules require parties to narrow their claims to the most persuasive, it does not appear to be impermissible gamesmanship for a petitioner to raise arguments in their IPR petition that they did not pursue in their final invalidity contentions. *See Hill-Rom Servs., Inc. v. Stryker Corp.*, No. 1:11–cv–1120–JMS–DKL, 2012 WL 5878087, at *3 (S.D. Ind. Nov. 20, 2012) (rejecting an argument that a party would be at a tactical disadvantage because the party that moved for IPR could assert inconsistent positions before the PTAB). Hengst also has not identified any authority to support that raising different grounds with the PTAB than with the district court amounts to unfair prejudice or a tactical disadvantage.

The lack of undue prejudice or tactical disadvantage to Hengst weighs in favor of granting a stay.

II.     **Simplification and Streamlining the Case**

Next, the Court turns to whether granting the stay would simplify and streamline the case. Champion argues that a stay will simplify and streamline the case because the PTAB will consider all of Hengst's claims and the IPR process may result in the invalidation or amendment of some or all of Hengst's claims, reducing the remaining issues in dispute for this Court. Hengst responds that IPR will not simplify the issues because the IPR proceeding involves different specific grounds for invalidity than those at issue in this case and the PTAB may not amend or cancel any of Hengst's claims.

Because the IPR covers the same claims at issue in this litigation, the PTAB's review may affect every claim in this litigation. As such, granting a stay will simplify and streamline the case. *See, e.g.*, *Trading Tech. Int'l, Inc. v. BCG Partners, Inc.*, 186 F. Supp. 3d 870, 874 (N.D. Ill. 2016) ("The benefits of a stay certainly exist where all of the claims are under review, and would even exist if only some of the litigated claims were undergoing review."); *Ignite USA*, 2014 WL 2505166, at *4 (finding that because all of the claims challenged in the district court were also challenged before the PTAB, that favored that a stay would streamline and simplify the case).

Statistics from the PTAB suggests that in cases where the PTAB institutes review, the PTAB finds approximately half of challenged claims unpatentable. *PTAB Trial Statistics FY 23 End of Year Outcome Roundup IPR, PGR*, USPTO, https://www.uspto.gov/sites/default/files/ documents/ptab_aia_fy2023__roundup.pdf (last visited Nov. 19, 2024) (stating that 51% of challenged claims where the PTAB instituted IPR were found unpatentable); *PTAB Trial Statistics FY24 End of Year Outcome Roundup IPR, PGR*, USPTO, https://www.uspto.gov/sites/ default/files/documents/ptab_aia_fy2024__roundup.pdf (last visited Nov. 19, 2024) (stating that

5

49% of challenged claims where the PTAB instituted IPR were found unpatentable). The statistics support Champion's argument that a high likelihood exists that the PTAB will cancel or amend some or all of the claims, reducing the issues and simplifying the case for trial. *See Beijing Choice*, 2024 WL 4785283 at *3 (finding that statistics from the PTO suggested that IPR could simplify or streamline the case); *Trading Tech. Int'l, Inc.*, 186 F. Supp. 3d at 874 (reasoning that where statistics supported that a majority of reviews led to findings of unpatentability, a stay would simplify and streamline the case).

Further, it does not matter that the IPR involves grounds for invalidity that Champion has not advanced in this case because the IPR involves the same patent and same claims, which the PTAB may invalidate or amend. *See Black & Decker Inc.*, 2013 WL 57118460, at *2 ("The court evaluates whether [PTAB] review would simplify the issues in question, not whether it could eliminate every issue in the case."). Hengst even concedes "that there is an inherent possibility that [the] challenged claims will be amended or cancelled in any inter partes review proceeding." Doc. 46 at 8. And even if the PTAB does not cancel any claims, the IPR will still simplify the issues in the case and encourage settlement, "because [Champion] will be estopped from arguing that the claim is invalid." *Ignite USA*, 2014 WL 2505166, at *4 (citing *Black & Decker*, 2013 WL 5718460, at *1).

This factor, likewise, weighs in favor of granting the stay.

### III. Reduced Litigation Burden on the Parties and the Court

Finally, the Court considers whether a stay will reduce the litigation burden on the parties and the Court. Hengst argues that because of the advanced procedural position of the case, where the parties have finished fact discovery and claim construction, this factor favors denying

6

a stay. Champion argues that this factor favors granting a stay because, despite the more advanced position of the case, a stay could prevent the burden of expert discovery and a trial.

Because the PTAB has granted IPR of all of the claims at issue in this case, the Court agrees with Champion that a stay will reduce the burden of litigation on the parties and the Court.[1] As noted, the statistics from the PTAB "suggest a very real possibility that, if this litigation proceeds, in tandem with the [PTAB] reexamination proceedings, the parties will have wasted their resources that ultimately may be mooted by the [PTAB]'s findings." *JAB Distribs., LLC v. London Luxury, LLC*, No. 09 C 5831, 2010 WL 1882010, at *5 (N.D. Ill. May 11, 2010) (citation omitted). If the IPR results in cancellation of all or some of Hengst's claims, those claims would no longer be at issue and would not be subject to expert discovery or a trial. The Court finds that a stay would likely reduce the burden on the parties and the Court, and this factor weighs in favor of granting a stay. *See Beijing Choice*, 2024 WL 4785283 at *1–3 (finding that the reduced burden on the parties and court from granting a stay outweighed the late timing of a case which had advanced past fact discovery and final invalidity contentions).

Because all factors weigh in favor of a stay, this Court stays this case until the conclusion of the PTAB's IPR.

---

[1] The authority that Hengst cites to argue that the case is at too advanced of a stage for a stay to be appropriate is inapposite. The facts of *Riddel* are materially distinguishable because the PTAB did not grant IPR on all of the claims at issue in the case, one of the defendants had engaged in gamesmanship to attempt to leverage their delay of the case to support that the case was not advanced, and one of the defendants was not pursuing IPR at all. *Riddell, Inc. v. Kranos Corp.*, No. 16 C 4498, 2017 WL 959019, at *1–4 (N.D. Ill. Mar. 12, 2017). Further, *RR Donnelley* is materially distinguishable as the PTAB had not instituted IPR, rather the defendant's petition for IPR was pending, and the defendant had not sought IPR on all of the patents at issue in the case. *RR Donnelley & Sons Co. v. Xerox Corp.*, No. 12-cv-6198, 2013 WL 6645472, at *2–4 (N.D. Ill. Dec. 16, 2013). Finally, *Ravgen*, while more factually similar to this case than the other cases Hengst references, is from a different circuit and relies on a line of authority that courts in this circuit have not followed. *Ravgen, Inc. v. Quest Diagnostics, Inc.*, No. 2:21-cv-09011-RGK-GJS, 2022 WL 2047615, at *1–3 (C.D. Cal. Feb. 2, 2022); *see United States v. Diggs*, 385 F. Supp. 3d 648, 659 (N.D. Ill. 2019) ("It is axiomatic that decisions from one circuit, while deserving respectful consideration, are not binding on district courts in another circuit." (citation omitted)); *Beijing Choice*, 2024 WL 4785283 at *3 ("[Plaintiff] raises a strong point about the late timing of this stay, but the potential to resolve the whole case is a stronger consideration.").

## CONCLUSION

For the foregoing reasons, the Court grants Champion's motion to stay [44].

Dated: December 10, 2024

SARA L. ELLIS
United States District Judge